UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMRON BELCHER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, WARDEN JAY CHRISTENSEN, DEPUTY WARDEN TIMOTHY McKAY, LT. TYLER NICKODEAMUS, CLINICIAN IDA, CLINICIAN HEART, and CLINICIAN HOYAL,<br><br>　　　　Defendants. | Case No. 1: 21-cv-00482-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　This action was severed from Plaintiff Camron Belcher's earlier-filed case, which contains unrelated medical treatment claims. Plaintiff was required to file an amended complaint focusing only on conditions of confinement in this action. The Court now reviews the Amended Complaint.

　　　　All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1**

1. **Standard of Law**

Plaintiff brings claims under the Eighth and Fourteenth Amendments. The standards applicable to those claims are as follows.

The conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Farmer*, 511 U.S. at 832; *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Gamble,* 429 U.S. at 102. Conditions of confinement may be harsh and restrictive without being a violation of the Eighth Amendment; they cross the line of acceptability when they (1) involve "the wanton and unnecessary infliction of pain," (2) are "grossly disproportionate to the severity of the crime warranting imprisonment," (3) result "in unquestioned and serious deprivation of basic human needs, or (4) deny an inmate "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Where conditions of confinement are challenged, a plaintiff must make two showings. First, the plaintiff must make an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Second, the plaintiff must make a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Id*. To establish an official's deliberate indifference, an inmate must show that (1) the official was aware of the risk to the prisoner's health or safety, and (2) the official deliberately disregarded that risk. *Farmer*

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2**

*v. Brennan*, 511 U.S. at 837. To rebut the subjective inquiry, prison officials may present evidence that they reasonably responded to the risk. *Id.* at 844–45. Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. *Id.* at 835.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care and personal safety. *See Farmer,* 511 U.S. at 832; *Keenan v. Hall*, 83 F.3d 1083, 1098 (9th Cir. 1996); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d at 731.

Where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989).

**2.  Allegations and Discussion**

Plaintiff asserts that double-celling inmates in protective or close custody units violates the Eighth Amendment. Plaintiff grieved this issue, and prison officials responded: "Do [sic] to overcrowding and lack of bunk space, PC [protective custody] doesn't have the space to only have 1 individual in the cell…. Warden Richardson knows the issues and concerns and that is one of many reasons why we made the choice for 4 to 5 hours of dayroom time a day so individuals can get out of their cells more. If he has

serious mental health and suicide risk management issues, he needs to concern Clinician Hoyle to see if there could possibly be a better area to house him." Dkt. 6-2, p.2.

Plaintiff asserts that Defendants have ignored his requests to address the past and future acts/threats of violence in the units, and that Clinician Hoyle and other Clinician Defendants have ignored his requests for mental health treatment and for other help to resolve his personal mental health issues and issues of the safety of the specialty housing units. Plaintiff provides specific examples of past incidents that he attributes to the policy of double-celling inmates in the specialty units. He also asserts that Defendants know of his and other inmates' complaints about double-celling. The grievance response also suggests that Defendants have some knowledge of risk, but they have made an effort to minimize the risk by allowing additional out-of-cell time. Whether these accommodations are enough and whether they are actually afforded to inmates is at issue.

Plaintiff will be permitted to proceed against the Defendants on his Eighth Amendment claims. However, he may not proceed on a Fourteenth Amendment due process theory, because the United States Supreme Court has directed courts to use the more particular constitutional provision applicable to the facts at issue, which, here, is the Eighth Amendment.

**ORDER**

1. Plaintiff's Motion to Amend Complaint (Dkt. 6) is GRANTED. The Clerk of Court shall separate pages 3 through 22 of the Motion to Amend, which constitute the Amended Complaint, and file that under a separate docket number to clarify that that is the operative pleading in this case.

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4**

2. Plaintiff may proceed on the Eighth Amendment claims but not the Fourteenth Amendment claims against all Defendants.

3. Defendants **Josh Tewalt, Chad Page, Jay Christensen, Timothy McKay, Tyler Nickodeamus, Warden Richardson, Clinician Heart, Clinician Ida, and Clinician Hoyle or Hoyal** will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (filed under the new docket number), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

> **Karin Magnelli**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706, on behalf of Defendants.

4. Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 5

5. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

6. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

7. Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

8. Dispositive motions must be filed no later than 300 days after entry of this Order.

9. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

10. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly

      identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

11. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

12. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

13. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

14. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: June 3, 2022

B. Lynn Winmill
U.S. District Court Judge